24 F.3d 250
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fernandez Leroy BACA, Defendant-Appellant.
 No. 93-30111.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 7, 1994.*
Withdrawn from Submission April 15, 1994.
Resubmitted May 6, 1994.
Decided May 10, 1994.
 
 Before: TANG, BOOCHEVER, and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Fernandez Leroy Baca appeals his conviction, following a jury trial, of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1) (1988). He argues both that the district court erred by admitting expert testimony on the use of guns in drug transactions and that the evidence was insufficient to sustain the conviction. We affirm.
 
 I. Expert Testimony
 
 3
 Baca argues that the district court erred by permitting a DEA agent to testify, as an expert, about the use of weapons by drug dealers during drug transactions. We review the district court's rulings on the admissibility of expert testimony for an abuse of discretion. United States v. Taren-Palma, 997 F.2d 525, 534 (9th Cir.1993) (per curiam), cert denied, No. 93-7585, 1994 U.S. Lexis 3370 (U.S. May 2, 1994).
 
 
 4
 In Taren-Palma, we held that the district court did not err when it admitted expert testimony regarding the use of guns in narcotics transactions. Id. In that case, Ismael Calderon-Perez participated in the sale of two kilograms of cocaine with Ruben Taren-Palma. When Calderon-Perez was arrested, a loaded and cocked .38 caliber handgun was found concealed in the back of his pants. Calderon-Perez was convicted for a violation of Sec. 924(c)(1), after the district court permitted expert testimony about the connection between guns and drugs transactions. Calderon-Perez challenged the use of expert testimony. We held that, unlike drug courier profile evidence, expert testimony concerning drug dealers' use of firearms was not inherently prejudicial because it does not suggest that innocuous events indicate criminal activity. Id. at 534-35. We found that carrying a loaded and cocked gun is "hardly 'innocuous' or 'perfectly innocent.' " Id. at 535. Furthermore, we held that such expert testimony could "assist the trier of fact to understand the evidence or to determine a fact in issue," Fed.R.Evid. 702, because there is no certainty that a jury could "infer the connection between the gun and the drug transaction without the aid of [the expert's] testimony." Taren-Palma, 997 F.2d at 535.
 
 
 5
 Taren-Palma is controlling in this case. The only substantial difference between the two cases is that here, Baca claims that carrying a loaded gun in Canyon County, Idaho is innocuous because it is "common" for people to carry guns there. Even if true, this does not make such an action "perfectly innocent" or innocuous when it concurs with a drug transaction involving the quantity of marijuana and cash used here. Accordingly, the district court did not abuse its discretion when it admitted the expert testimony.
 
 
 6
 Baca's claim that the evidence should have been excluded because it prejudiced him by adding weight to the government's case is without merit. Typically, evidence introduced by the government adds weight to its case, to the defendant's disadvantage. If this constituted an adequate ground for exclusion of the evidence, the government would never be able to introduce evidence. The district court is obligated by Federal Rule of Evidence 403 to "carefully weigh the [expert] testimony's probative value against its possible prejudicial effect," before admitting it. United States v. Espinosa, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988). The court is not, however, required to exclude any evidence that works to the defendant's disadvantage. "Unfair prejudice" under Rule 403 refers to "an undue tendency to suggest [a] decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403 advisory committee's note. It does not refer to any evidence that disadvantages a defendant.
 
 
 7
 We also reject Baca's claim that the expert testimony violated Federal Rule of Evidence 704(b) because it impermissibly addressed Baca's mental state. The DEA agent carefully avoided testifying about Baca's mental state. He testified as to his specialized knowledge and training regarding drugs and firearms, and he told the jury generally what weapons are used by drug traffickers, how they are used, and why. He testified that guns are often used in drug transactions to protect the drugs or money. This evidence did not improperly address Baca's mental state, it addressed typical drug transaction scenarios. The DEA agent carefully avoided giving any opinion about whether the gun was carried in relation to the drug transaction. The ultimate question, whether Baca was carrying the gun for use in the transaction or simply because he always carried a gun, was left to the jury.
 
 
 8
 Finally, we reject Baca's argument that the district court plainly erred by not giving a jury instruction on how to analyze the testimony of an expert. First, the government originally included a standard instruction on the consideration of expert testimony in its proposed jury instructions. Thus, there is a strong implication that Baca knew such an instruction was available and refrained from objecting to its omission for strategic reasons. If his failure to object was deliberate, he waived any objection on appeal. See United States v. Paduano, 549 F.2d 145, 148 (9th Cir.) (trial strategy not to object to jury instruction waived objection to instruction on appeal), cert. denied, 434 U.S. 838 (1977).
 
 
 9
 Furthermore, even if Baca's failure to object was not deliberate, we review only for plain error. Fed.R.Crim.P. 30. See also United States v. Kessi, 868 F.2d 1097, 1102 (9th Cir.1989). " 'Plain error is highly prejudicial error affecting substantial rights, and is found only in exceptional circumstances.' " United States v. Williams, 990 F.2d 507, 511 (9th Cir.) (quoting Kessi, 868 F.2d at 1102), cert. denied, 114 S.Ct. 333 (1993). " 'Rarely will an improper jury instruction justify a finding of plain error.' " Williams, 990 F.2d at 512 (quoting United States v. Bordallo, 857 F.2d 519, 527 (9th Cir.1988), modified on other grounds, 872 F.2d 334, cert. denied, 493 U.S. 818 (1989)). We consider all the circumstances at trial in applying the plain error standard. Williams, 990 F.2d at 512.
 
 
 10
 We find no plain error in the omission of the instruction here. The jury was instructed as a general matter on the assessment of witness testimony. The court instructed the jury that it could "disbelieve all or any part of any witness' testimony." There is no reason to believe that the jury would have thought that this instruction did not apply to the government's expert. Thus, although a more specific instruction on the significance of an expert's testimony might have been helpful, it was not necessary here.[1]
 
 II. Sufficiency of the Evidence
 
 11
 Baca argues that the evidence was insufficient for a reasonable jury to conclude that he used or carried the gun "in relation to" the marijuana sale. He argues that he always carries a gun and that there was no evidence that he brought the gun specifically to use in relation to the marijuana sale.
 
 
 12
 In assessing a challenge to the sufficiency of the evidence, this court considers " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Bautista-Avila, 6 F.3d 1360, 1362 (9th Cir.1993) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). Circumstantial evidence "can be used to prove any fact," although "mere suspicion or speculation does not rise to the level of sufficient evidence." United States v. Stauffer, 922 F.2d 508, 514 (9th Cir.1990) (quotations omitted). "The relevant inquiry is not whether the evidence excludes every hypothesis except guilt, but whether the jury could reasonably arrive at its verdict." United States v. Mares, 940 F.2d 455, 458 (9th Cir.1991) (citing United States v. Fleishman, 684 F.2d 1329, 1340 (9th Cir.), cert. denied, 459 U.S. 1044 (1982)).
 
 
 13
 Because Baca did not renew his motion for acquittal at the close of all the evidence, we review for plain error his challenge to the sufficiency of the evidence. United States v. Kuball, 976 F.2d 529, 531 (9th Cir.1992).
 
 
 14
 To convict a defendant under 18 U.S.C. Sec. 924(c)(1), the government must show more than that a defendant was carrying a gun during a drug transaction; it must also show that the use or carrying was " 'during and in relation to' a ... ['] drug trafficking crime.' " Smith v. United States, 113 S.Ct. 2050, 2058 (1993). "[T]he gun at least must 'facilitat[e], or ha[ve] the potential of facilitating,' the drug trafficking offense." Id. at 2059 (quoting United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985)).
 
 
 15
 Baca's conviction was based on more than "mere speculation." His jury was presented with uncontroverted evidence that Baca carried a gun during the drug sale. They heard that the sale consisted of five pounds of marijuana and a small amount of cocaine in exchange for $5600. These circumstances, combined with the expert's testimony that small guns are often carried to protect the drugs or the money, were a sufficient basis for a reasonable jury to conclude that the gun had the potential to facilitate the sale, and thus that it was carried "in relation to" the drug transaction.
 
 
 16
 Given this evidence, the trial court did not plainly err by not dismissing the prosecution on the basis of insufficient evidence. Baca's conviction under 18 U.S.C. Sec. 924(c)(1) is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The introductory comment to the Ninth Circuit Model Jury Instructions states with regard to instructions addressing the consideration of particular evidence, "cautionary instructions tend to be a comment on the evidence and such instructions should only be given where manifestly necessary." Ninth Cir. Model Jury Instructions, ch. 4, intro. cmt. (1992)